UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELDON W. HILL, : | |
|         Petitioner : | CIVIL ACTION NO. 3:21-2036 |
| : | |
|     v. : | (JUDGE MANNION) |
| : | |
| WARDEN ERIC BRADLEY : | |
| : | |
|         Respondent : | |

**MEMORANDUM**

Petitioner, Sheldon W. Hill, an inmate confined in the Canaan United States Penitentiary, ("USP-Canaan"), Waymart, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner requests a Court Order, directing that he be permitted to serve the remainder of his sentence in home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, §12003(b)(2) (2020). Id. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

**I. Background**

Hill was convicted in the United States District Court for the Northern District of Ohio for bank robbery. (Doc. 6-1 at 7, Sentence Monitoring

Computation Data). He is serving a 151-month term of imprisonment imposed on January 9, 2015. Id. His current projected release date is May 9, 2025, via good conduct time release. Id.

On April 15, 2020, Hill sent a request to Warden Eric Bradley (Bradley) for Compassionate Release or Reduction in Sentence (RIS) due to the Coronavirus Pandemic (COVID-19). (Doc. 6-1 at 9, Inmate Request to Staff Response). On April 23, 2020, pursuant to the Bureau of Prison's (BOP's) Program Statement 5050.50 1, Warden Bradley denied Hill's request. Id. Hill was advised of his right to appeal the decision within twenty (20) days via the administrative remedy process. Id. From the time of the denial until the date Hill filed this instant petition, Hill has failed to file any administrative remedies regarding compassionate release. (Doc. 6-1 at 19-20, Administrative Remedy Generalized Retrieval).

Petitioner concedes that he did not file any administrative remedy directed at the April 23, 2020 denial of home confinement. (Doc. 1). Specifically, Petitioner claims that "exhaustion is excused here for various independent reasons, including because (1) the prisoners face irreparable harm from the violation of their constitutional rights and the delay incident to pursuing administrative remedies, (2) the issue presented only pertains to statutory construction, and (3) exhaustion would be futile." Id.

## II. Discussion

Respondent asserts that Petitioner's §2241 petition should be denied because: (1) Petitioner failed to exhaust his administrative remedies; and (2) BOP decisions concerning home confinement are not subject to judicial review.

### A. Exhaustion of Administrative Remedies

A prisoner must exhaust all stages of the administrative remedy system prior to filing a habeas petition under 28 U.S.C. §2241. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all administrative remedies."); Arias v. U.S. Parole Comm'n, 648 F.2d 196 (3d Cir. 1981). Requiring inmates to exhaust their remedies serves a number of purposes, such as "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62. Exhaustion of administrative remedies requires compliance with an agency's deadlines, other critical procedural rules, and

all steps of the available administrative process. Woodford v. Ngo, 548 U.S. 81, 90-92 (2006); Jones v. Bock, 549 U.S. 199, 218 (2007) (proper exhaustion defined by applicable prison requirements).

In order to exhaust administrative remedies, a federal prisoner must first attempt to informally resolve the dispute with institution staff. See 28 C.F.R. §542.13. Then, if informal resolution efforts fail, the prisoner may raise his complaint to the warden of the institution in which he is confined. See 28 C.F.R. §542.14. If the warden denies the administrative remedy request, the prisoner may next file an appeal with the regional director within twenty days from the date of the warden's response. See 28 C.F.R. §542.15. Finally, if the regional director denies the appeal, the prisoner may then appeal that decision to the general counsel of the Federal Bureau of Prisons within thirty days from the date of the regional director's response. See 28 C.F.R. §542.15. The requirement that prisoners first exhaust their administrative remedies applies even for requests for home confinement due to the Covid-19 pandemic. See, e.g., Cordaro v. Finley, No. 3:10-CR-75, 2020 WL 2084960, at *5 (M.D. Pa. April 30, 2020).

Here, Petitioner concedes that he has failed to exhaust his administrative remedies, claiming exhaustion is futile. (Doc. 1).

Although futility may be an exception to the exhaustion of administrative remedies, see Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988), even if Petitioner were to argue that exhaustion would be futile, over the past year, the district courts have repeatedly held that prisoners must still exhaust their administrative remedies regarding home confinement and that exhaustion in such a circumstance is not futile, even in the context of a pandemic. See, e.g., Gottstein v. Finley, No. 20-cv-935, 2020 WL 3078028, at *3-4 (M.D. Pa. June 10, 2020); Jackson v. White, No. 20-cv-919, 2020 WL 3036075, at *7 (M.D. Pa. June 5, 2020). Furthermore, the Third Circuit recently reiterated that "strict compliance with ... exhaustion requirement[s] takes on added—and critical—importance" during the COVID-19 pandemic "[g]iven the BOP's shared desire for a safe and healthy prison environment." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Petitioner has failed to exhaust his administrative remedies regarding his request to be transferred to home confinement, and the petition must be denied for that reason.

### B. Request for Home Confinement under the CARES Act

Even if Petitioner had exhausted his request for home confinement, the petition must be dismissed. The Court does not have the authority to review such a request, as this Court has previously held that "the jurisdiction

of [a home confinement] determination [under the CARES Act] is with the Director of the Bureau of Prisons." Jackson v. White, No. 3:20-CV-0919, 2020 WL 3036075, at *9 (M.D. Pa. June 5, 2020) (quoting Cordaro v. Finley, No. 3:10-CR-75, 2020 WL 2084960, at *1, *6- 7 (Apr. 30, 2020).

The BOP has exclusive discretion to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. §3621(a). Pursuant to this authority, the BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. §3624(c)(2). The BOP "shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." Id.

On March 26, 2020, the Attorney General issued a memorandum encouraging the BOP to prioritize home confinement, as appropriate, in response to the COVID-19 pandemic. See Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic, https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf. To determine whether home confinement should be authorized, the Attorney General directed the BOP to consider "the totality of circumstances for each individual inmate, the statutory requirements for home confinement," and the following non-exhaustive discretionary factors: (1) the age and vulnerability

of the inmate to COVID-19, in accordance with Centers for Disease Control ("CDC") guidelines: (2) the security level of the facility currently holding the inmate; (3) the inmate's conduct in prison; (4) the inmate's score under the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN"); (5) whether the inmate "has a demonstrated and verifiable re-entry plan that will prevent recidivism and maximize public safety"); and (6) the inmate's crime of conviction and "assessment of the danger posed by the inmate to the community." Id.

On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") was implemented, authorizing the Attorney General and the BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" due to the COVID-19 pandemic. CARES Act, Pub. L. No. 116-136, §12003(b)(2), 134 Stat. 281 (2020). On April 3, 2020, the Attorney General issued a memorandum authorizing the Director of the BOP to maximize the use of home confinement for appropriate inmates held at facilities where the Director determines COVID-19 has materially affected operations. Increasing Use of Home Confinement at Institutions Most Affected by COVID-19, https://www.justice.gov/file/1266661/download (last accessed January 10, 2022). This memorandum increased the number of inmates to

be assessed for home confinement and directed that the BOP prioritize the most vulnerable inmates at the most affected facilities. Id. The memorandum stressed that the BOP should "continue making the careful, individualized determinations BOP makes in the typical case" to remain faithful to its duty to protect the public. Id.

Under the CARES Act, the Court has no authority to grant Hill's request for home confinement. "[T]he CARES Act provides the discretion for determining early home confinement release solely to the BOP." United States v. Mathews, No. 2:86-cr-197, 2020 WL 6781946, at *2 (E.D. Pa. Nov. 18, 2020); see also United States v. Ramirez-Ortega, 2020 WL 4805356, at *3 (E.D. Pa. Aug. 14, 2020) ("Importantly, the BOP has sole authority to determine which inmates to move to home confinement" under the CARES Act). As such, this Court has no authority to review the BOP's home confinement determination or direct the BOP to transfer a prisoner to home confinement. 18 U.S.C. §3621(b)(5) (BOP's designation as to home confinement "is not reviewable by any court"). See also United States v. Robinson, No. 4:07-cr-389-10, 2020 WL 5793002, at *5 n.2 (M.D. Pa. Sept. 28, 2020) ("[T]he Court does not have authority to grant [a] request" for release to home confinement due to the COVID-19 pandemic because "the determination of an inmate's place of incarceration is committed to the

discretion of the BOP director"); Ramirez-Ortega, 2020 WL 4805356, at *3 (noting that the BOP's home confinement determination "is not reviewable by courts"); United States v. Pettiway, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) ("Regardless of the nature of defendant's medical condition or the existence of the coronavirus pandemic, Congress did not provide the courts with the authority to release inmates into home confinement at an earlier time under the CARES Act."). Because this Court cannot provide the relief requested by Hill under the CARES Act, Hill's §2241 petition must be dismissed.

III. **Conclusion**

Based on the foregoing, Hill's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for Petitioner's failure to exhaust administrative remedies and because this Court lacks jurisdiction over the BOP's decision with respect to an inmate's release on home confinement.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  January 10, 2023**
21-2036-01